Filed 6/30/15  P. v. Kuss CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C077095 |
| Plaintiff and Respondent, | (Super. Ct. Nos. NCR90189, NCR91233) |
| v. | |
| STEVEN DONALD KUSS, | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

On March 4, 2014, officers were dispatched to a gas station on a suspicious person call.  At the station, officers contacted defendant Steven Donald Kuss who had been lurking around the parking lot and reportedly pointing his finger at cars as if he was shooting a gun.  A pat-down search revealed a concealed sheath knife in a pocket and a hypodermic syringe on his person.

On May 20, 2014, an officer conducted a welfare check on defendant who had been impeding traffic as he crossed the road and who was believed to be intoxicated. Based on the officer's observations, he believed defendant to be under the influence of a

1

controlled substance. A consent search revealed 0.08 grams of methamphetamine in defendant's pocket.

On July 1, 2014, defendant entered a plea of guilty to carrying a dirk or dagger (Pen. Code, § 21310)[1] in case No. NCR90189 and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) in case No. NCR91233 in exchange for dismissal of case No. NCR90232 and the remaining count (misdemeanor possession of an injection/ingestion device) and allegation (prior prison term) in case No. NCR90189. The plea agreement also provided for a sentence of no less than two years and no more than three years eight months.[2]

The trial court sentenced defendant to the upper term of three years for carrying a dirk or dagger and a consecutive one-third the midterm or eight months for possession of a controlled substance. The trial court ordered defendant to serve the full term in county jail. The court awarded 80 days of presentence custody credit.

Defendant appealed in both cases on August 6, 2014. He did not obtain a certificate of probable cause. (§ 1237.5.)[3]

---

[1] Undesignated statutory references are to the Penal Code.

[2] Defendant entered a guilty plea to possession of a controlled substance but a "*West*" plea to carrying a dirk/dagger. *West* addressed the validity of a plea to an uncharged lesser offense entered pursuant to a plea bargain. (*People v. West* (1970) 3 Cal.3d 595, 603, 611-613.) Defendant did not enter a plea to a lesser offense. Instead, defendant admitted he possessed the knife but simply claimed that he did not know that he was not supposed to be carrying it. Although such a plea might be referred to as a "*West*" plea, defendant's plea is closer to an "*Alford*" plea, based on *North Carolina v. Alford* (1970) 400 U.S. 25, 37-38 [27 L.Ed.2d 162, 171-172], which upheld a guilty plea entered by a defendant who professed belief in his innocence. *Alford* cautioned that a plea entered over a claim of innocence should not be accepted without a factual basis (*Id.* at p. 38, fn. 10 [27 L.Ed.2d at p. 171, fn. 10]). Here, the factual basis for defendant's plea reflects that a pat-down search revealed a concealed sheath knife in defendant's pocket.

[3] For some unknown reason, the record on appeal was augmented to reflect that on December 2, 2014, the trial court granted defendant's petition to recall the sentence for

2

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

     HULL     , J.

We concur:

     NICHOLSON     , Acting P. J.

     RENNER     , J.

---

resentencing. (§ 1170.18.) The trial court reduced defendant's possession of a controlled substance conviction to a misdemeanor and resentenced defendant to time served. The trial court's December 2014 order is not before us but we question whether the trial court had jurisdiction to entertain defendant's petition given that defendant's August 2014 notice of appeal from the original judgment vested jurisdiction in this court and the judgment is not yet final.